**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARVIN HARRIS,<br><br>          Plaintiff,<br><br>     v.<br><br>PHILLIPS,<br><br>          Defendant. | No.  1:23-cv-1140 JLT BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, AND DIRECTING PLAINTIFF TO PAY THE FILING FEE<br><br>(Docs. 2, 7) |

Marvin Harris is a state prisoner proceeding *pro se* in this action, in which he seeks to hold Warden Phillip liable for violating his civil rights action pursuant to 42 U.S.C. § 1983.  The assigned magistrate judge found Plaintiff was unable to proceed in forma pauperis because he had filed at least three prior lawsuits, which were dismissed as frivolous of because he failed to state claim. Consequently, he was subject to the three-strikes bar imposed by 28 U.S.C. § 1915(g). (Doc. 7 at 1.)  The magistrate judge also found the allegations in the complaint—which concern the CDCR removing funds from his inmate trust account to pay for court actions—do not satisfy the "imminent danger of serious physical injury" exception to § 1915(g).  (*Id.* at 2.)  Therefore, the magistrate judge recommended that Plaintiff not be permitted to proceed in forma pauperis.

Plaintiff filed objections to the Findings and Recommendations. (Doc. 9.)  Plaintiff does not dispute the finding that he was subject to the three strikes bar.  He also does not demonstrate that he is in imminent danger of serious physical injury.  Instead, Plaintiff contends that CDCR

1

1  "owns" the United States District Court for the Eastern and Northern Districts of California and
2  asserts that Defendant should be directed to pay the filing fee for this action, pursuant to
3  California Code of Regulations, Title 15 § 3160.  (*Id.*)

4        Contrary to Plaintiff's assertion, the CDCR does not own either the district courts, which
5  are trial courts and part of the judicial branch of the federal government.  Plaintiff has also
6  misinterpreted the requirements of section 3160, which provides in relevant part: "If the inmate is
7  without sufficient funds at the time of the charge, the civil action shall be allowed to be
8  transmitted to the courts, and the inmate shall not be charged for any remaining balance of the
9  filing fee." Cal. Code. Regs., tit. 15 § 3160(b)(3).  Section 3160 requires only that CDCR
10 transmit Plaintiff's action to the court, which was done here when Plaintiff's case was
11 electronically filed with the Court.  (*See* ECF No. 1.)  Section 3160 neither requires that the or the
12 defendant to pay the filing fee, nor does it overcome the bar of 28 U.S.C. § 1915(g).

13       According to 28 U.S.C. § 636 (b)(1)(C), this Court conducted a *de novo* review of the
14 case.  Having carefully reviewed the entire matter, including Plaintiff's objections, the Court
15 concludes that the Findings and Recommendations are supported by the record and proper
16 analysis.  Thus, the Court **ORDERS**:

17     1.    The Findings and Recommendations issued on August 3, 2023 (Doc. 7), are
18         **ADOPTED** in full.
19     2.    Plaintiff's application to proceed *in forma pauperis* (Doc. 2) is **DENIED**.
20     3.    Plaintiff **SHALL** pay the $402 filing fee within 21 days of service of this order.
21     4.    <u>Plaintiff is advised that failure to pay the required filing fee as ordered will result
22         in the dismissal of this action without prejudice</u>.

IT IS SO ORDERED.

Dated:   **August 20, 2023**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE